# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| MARCUS O. ALLEN, | ) |
| Plaintiff, | ) |
| v. | ) Case Number: 0:22-cv-04536-MGL |
| CHRISTOPER A. WRAY, in his Official Capacity as Director of the Federal Bureau of Investigation 935 Pennsylvania Avenue, NW Washington, DC 20530-0001, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Marcus O. Allen, by counsel, brings this action for declaratory and injunctive relief against Defendant Director of the FBI Christopher A. Wray for violating Plaintiff's rights pursuant to the First and Fifth Amendments to the United States Constitution. As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction of this lawsuit under 28 U.S.C. §§ 1331 and 1346. This Court may award Plaintiffs declaratory and injunctive relief pursuant to the Declaratory Judgment Act, and this Court's inherent equitable jurisdiction.

2. Venue is proper under 28 U.S.C. § 1391(b)(1).

### PARTIES

3. Plaintiff Marcus O. Allen is a citizen of the United States and a resident of Lancaster, South Carolina.

4.      Defendant Christopher A. Wray is the Director of the FBI and is sued in his official capacity. As FBI director, Defendant supervises its officers, agents, and employees, and enforces policies applying to these persons.

## STATEMENT OF FACTS

5.      Plaintiff is an FBI employee located in the Charlotte, North Carolina field office.

6.      Prior to joining the FBI, Plaintiff served honorably in the United States Marine Corps from 2000 to 2005 as an 0231 Intelligence Specialist. Plaintiff was deployed to Kuwait and served two tours in Iraq and contributed to Operation Iraqi Freedom. During his deployments, Plaintiff was exposed to live enemy fire on numerous occasions, notwithstanding the fact that he was serving there primarily in analytical and intelligence roles. Because of his outstanding military service, Plaintiff was awarded the Navy and Marine Corps Commendation Medal and the Navy and Marine Corps Achievement Medal. In 2004, Plaintiff finished as the Marine Corps Intelligence Activity Runner-Up for Intelligence NCO of the year.

7.      After leaving the Marine Corps, Plaintiff was employed by several civilian contractors, one of whom was performing in a support role for the FBI (SM Consulting/SAIC). In 2015, Plaintiff joined the FBI as a staff operations specialist. Among other tasks, he has provided ad hoc all-source analytical support to the FBI Charlotte Field Office Joint Terrorism Task Force. He has consistently been rated "Exceeds Fully Successful" on his FBI performance evaluations. He received the FBI Charlotte Field Office Employee of the Year Award in 2019.

8.      Plaintiff first received a Top Secret security clearance in early 2001.

9.      By a letter dated January 10, 2022, the FBI informed Plaintiff that his Top Secret security clearance was being suspended. Plaintiff purportedly was suspended "based on security concerns related to Adjudicative Guideline A – Allegiance to the United States of the National

Security Adjudicative Guidelines for Determining Eligibility for Access to Classified Information or Eligibility to Hold a Sensitive Position."

10. The letter asserted:

> The Security Division has learned you have espoused conspiratorial views both orally and in writing and promoted unreliable information which indicates support for the events of January 6th. These allegations raise sufficient concerns about your allegiance to the United States and your judgment to warrant a suspension of your clearance pending further investigation.

11. The letter further asserted that the suspension of Plaintiff's "clearance will continue until the FBI can effectively review your fitness for duty and assess your compatibility with holding a security clearance."

12. By a letter dated February 17, 2022, the FBI placed Plaintiff on administrative leave without pay due to the suspension of his security clearance.

13. Plaintiff has never "espoused conspiratorial views" and does not support the "events of January 6th," which on information and belief is a reference to the unlawful activities that occurred at the U.S. Capitol on January 6, 2021 (hereafter "January 6"). The FBI has not identified any specific statements or actions supporting its contention that Plaintiff has done otherwise.

14. Prior to the January 10, 2022 letter, Plaintiff had never been disciplined in any manner during his years of service to the FBI.

15. Adjudicative Guideline A is one of thirteen "guidelines" governing Executive Branch agencies setting forth common criteria to determine individuals' access to classified information or eligibility to hold a sensitive position.

16. The preamble of Adjudicative Guideline A (labeled "The Concern") states in part: "The willingness to safeguard classified or sensitive information is in doubt if there is any reason to suspect an individual's allegiance to the United States."

17. Adjudicative Guideline A further states in part:

> **4. Conditions that could raise a security concern and may be disqualifying include:**
>
> **(a)** involvement in, support of, training to commit, or advocacy of any act of sabotage, espionage, treason, terrorism, or sedition against the United States;
>
> **(b)** association or sympathy with persons who are attempting to commit, or who are committing, any of the above acts; and
>
> **(c)** association or sympathy with persons or organizations that advocate, threaten, or use force or violence, or use any other illegal or unconstitutional means, in an effort to:
>
> > **(1)** overthrow or influence the U.S. Government or any state or local government;
> >
> > **(2)** prevent Federal, state, or local government personnel from performing their official duties;
> >
> > **(3)** gain retribution for perceived wrongs caused by the Federal, state, or local government; and
> >
> > **(4)** prevent others from exercising their rights under the Constitution or laws of the United States or of any state.

18. Adjudicative Guideline A does not define or otherwise explain the terms it uses, including but not limited to the terms "involvement in," "support of, "association," "sympathy," and "allegiance."

4

19. Plaintiff's allegiance is to the United States, as he has demonstrated during his years of exemplary military and law enforcement service to his country.

20. Plaintiff was not involved in the events of January 6 and did not support them in any material way. The FBI has made no allegation or offered any evidence to the contrary.

21. Plaintiff has expressed no view that could be reasonably interpreted as personally expressing support or sympathy for any unlawful activity that occurred on January 6.

22. In the ten months since Plaintiff was placed on administrative leave without pay, the FBI has made no decision or taken any other action regarding the suspension of Plaintiff's security clearance. Because no decision has been made or any action taken on the security clearance suspension, Plaintiff has had no meaningful opportunity to challenge being placed on administrative leave without pay, because the unpaid leave is exclusively predicated on the security clearance suspension.

23. During this same ten-month period, Plaintiff, through counsel, made repeated inquiries to the FBI as to the status of the FBI's "investigation" relating to Plaintiff's security clearance and received no response.

24. In early May 2022, the FBI requested Plaintiff appear for an interview. Plaintiff promptly complied. The interview request came only days after FBI Director Wray was confronted by Members of Congress over concerns that the FBI was weaponizing the security clearance process to target politically conservative employees. Since that time, Plaintiff has received no further word on the status of the FBI's investigation.

25. Plaintiff is a father of three young children and sole income-earner for his family. His family has exhausted its savings and currently lives off withdrawals from a retirement account.

26. Despite being placed on unpaid administrative leave, Plaintiff is required to obtain the FBI's approval for outside employment. To this end, Plaintiff authored a prayer journal and sought permission from the FBI to sell the journal. After initially engaging with Plaintiff, the FBI has ignored his request for approval of outside employment, reaching no decision on whether he is permitted to sell copies of the prayer journal.

## COUNT ONE
### (Overbreadth – Facial First Amendment Violation)

27. Plaintiff realleges paragraphs 1-26 as if full stated herein.

28. First Amendment overbreadth doctrine prohibits laws or regulations that regulate speech if "a substantial number of [their] applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *United States v. Stevens*, 559 U.S. 460, 473 (2010) (quotation marks and citations omitted).

29. Adjudicative Guideline A is facially overbroad as it sweeps in a substantial amount of activity that is protected by the First Amendment. For example, Adjudicative Guideline A prohibits a variety of conduct such as "association" or "sympathy" with persons who seek to use violence or unconstitutional means. This could prohibit activity such as being "associated" with a person by attending the same church, synagogue, or mosque. This also could prohibit expressions of "sympathy" such as stating that it is unfortunate that some people are misguided or mistaken.

30. Adjudicative Guideline A is overbroad on its face because its unconstitutional applications are substantial in relation to its legitimate applications.

31. Plaintiff is being irreparably harmed by Adjudicative Guideline A.

32. Plaintiff has no other adequate legal remedy other than declaratory and injunctive relief from this Court.

## COUNT TWO
### (Overbreadth – As Applied First Amendment Violation)

33. Plaintiff realleges paragraphs 1-32 as if full stated herein.

34. Adjudicative Guideline A as applied to Plaintiff violates his First Amendment rights.

35. Plaintiff has expressed no view that could be reasonably interpreted as personally expressing support or sympathy for any unlawful activity that occurred on January 6.

36. While the government has an interest in safeguarding classified or sensitive information, Adjudicative Guideline A is overbroad as applied to Plaintiff and violates his First Amendment rights.

37. Plaintiff is being irreparably harmed by Adjudicative Guideline A.

38. Plaintiff has no other adequate legal remedy other than declaratory and injunctive relief from this Court.

## COUNT THREE
### (Void for Vagueness – First and Fifth Amendments)

39. Plaintiff realleges paragraphs 1-38 as if full stated herein.

40. The Due Process Clause of the Fifth Amendment to the United States Constitution provides that "No person shall . . . be deprived of life, liberty, or property, without due process of law."

41. Adjudicative Guideline A is unconstitutionally vague as it fails to define prohibited activities in a manner definite enough to notify an ordinary person of what conduct is prohibited. A wide variety of entirely lawful expressive activity could be limited by Adjudicative Guideline A as it contains no definition or explanation of terms such as "association," "sympathy," or "allegiance."

42. The vagueness of Adjudicative Guideline A chills and deters speech and expressive activity protected by the First Amendment. The vagueness of Adjudicative Guideline A fails to give reasonable notice of what conduct is prohibited, invites arbitrary and discriminatory enforcement, and deters constitutionally protected speech.

43. Because Adjudicative Guideline A chills speech and expressive activity, the Due Process Clause requires a heightened degree of specificity. Adjudicative Guideline A violates the Due Process Clause.

44. Plaintiff is being irreparably harmed by Adjudicative Guideline A.

45. Plaintiff has no other adequate legal remedy other than declaratory and injunctive relief from this Court.

## COUNT FOUR
### (Content- and Viewpoint-Based Discrimination – Facial First Amendment Violation)

46. Plaintiff realleges paragraphs 1-45 as if full stated herein.

47. As general matter, "the First Amendment means that the government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *Stevens*, 559 U.S. at 468 (quoting *Ashcroft v. ACLU*, 535 U.S. 564, 573 (2002)). "[R]egulation of speech is content based if a law applies to particular speech because of the topic discussed or the idea or message expressed." *Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2227 (2015). Government action that is "content-based on its face is subject to strict scrutiny regardless of the government's benign motive, content-neutral justification, or lack of 'animus toward the ideas contained' in the regulated speech." *Reed*, 135 S. Ct. at 2228 (citation omitted). Furthermore, viewpoint discrimination is an "egregious form of content discrimination" where the government targets particular views on a given subject and is "presumptively unconstitutional." *Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819, 829-30 (1995).

48. While the government has an interest in safeguarding classified or sensitive information, Adjudicative Guideline A is on its face a content- and viewpoint-based restriction on First Amendment-protected speech.

49. Plaintiff is being irreparably harmed by Adjudicative Guideline A.

50. Plaintiff has no other adequate legal remedy other than declaratory and injunctive relief from this Court.

## COUNT FIVE
### (Content and Viewpoint-Based Discrimination– As Applied First Amendment Violation)

51. Plaintiff realleges paragraphs 1-50 as if full stated herein.

52. While the government has an interest in safeguarding classified or sensitive information, the FBI's suspension of Plaintiff's security clearance under Adjudicative Guideline A is content- and viewpoint-based discrimination, is not narrowly tailored to advance a compelling government interest, and is unconstitutional under the First Amendment as applied to Plaintiff.

53. Plaintiff is being irreparably harmed by Adjudicative Guideline A.

54. Plaintiff has no other adequate legal remedy other than declaratory and injunctive relief from this Court.

## COUNT SIX
### (Retaliation – First Amendment)

55. Plaintiff realleges paragraphs 1-54 as if full stated herein.

56. Plaintiff's First Amendment protected speech was a substantial or motivating factor in Defendants' decision to suspend Plaintiff's security clearance and, but for Plaintiff's protected speech, Defendants would not have suspended Plaintiff's security clearance.

57. Plaintiff is being irreparably harmed by Adjudicative Guideline A.

58.     Plaintiff has no other adequate legal remedy other than declaratory and injunctive relief from this Court.

WHEREFORE, Plaintiff respectfully requests the Court enter judgment in his favor and against Defendant as follows:

(1) Declare that Adjudicative Guideline A, on its face and as applied to Plaintiff, violates the First Amendment Free Speech Clause of the U.S. Constitution;

(2) Declare that Adjudicative Guideline A violates the Due Process Clause of the U.S. Constitution;

(3) Permanently enjoin Defendant, as well as his officers, agents, and employees from enforcing Adjudicative Guideline A against Plaintiff as to any alleged statements relating to January 6;

(4) declare Defendant is in violation of the law and order the FBI to act promptly in regard to Plaintiff's security clearance and employment suspension by reinstating Plaintiff's security clearance and returning Plaintiff to active duty with the FBI;

(5) award reasonable attorney fees and costs; and

(6) any and all other such relief that the Court deems just and proper.

Dated: 15th day of December 2022                            Respectfully submitted,

                                                     /s/ Ruth C. Smith
Ruth C. Smith, Attorney
SC Bar 75168
Elmore and Smith Law Firm
79 Woodfin Place, Suite 103
Asheville, NC  28801
(828) 367-7998 (ph.)
(828) 367-7991 (fax)
ruth@mywncattorney.com

James F. Peterson*
Kathryn Brooke Blankenberg*
Judicial Watch, Inc.
425 Third Street, S.W., Suite 800
Washington, DC 20024
Tel: (202) 646-5172
jpeterson@judicialwatch.org
kblankenberg@judicialwatch.org

*Applications for admission *pro hac vice* forthcoming

*Counsel for Plaintiff*