UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| MARCUS O. ALLEN,<br><br>               *Plaintiff,*<br><br>    v.<br><br>CHRISTOPHER A. WRAY,<br>Director, Federal Bureau of Investigation,<br><br>               *Defendant.* | Case No. 0:22-cv-04536-MGL |

**DEFENDANT'S MOTION TO STAY
DISCOVERY AND THE DEADLINES IN THE SCHEDULING ORDER**

Defendant, the Director of the Federal Bureau of Investigation ("FBI"), respectfully moves pursuant to Local Rule 16.00(C) that the deadlines in the scheduling order, ECF No. 21, be stayed until the Court resolves Defendant's motion to dismiss, ECF No. 18. In support of this motion, Defendant states as follows.

    1.     Plaintiff Marcus Allen filed this civil action on December 15, 2022. ECF No. 1. He alleges that the FBI violated his free-speech and due-process rights when it suspended his security clearance pending an investigation of his continued eligibility to access classified information. Compl. ¶¶ 9, 27–58. On March 20, 2023, Defendant moved to dismiss, arguing that there are three independent jurisdictional bases for dismissal of this action. ECF No. 18-1 at 12–22.[1] The motion also argues for dismissal for failure to state a claim. *Id.* at 22–25. On March 21, 2023, the Court entered a conference and scheduling order setting deadlines for discovery and other pretrial proceedings. ECF No. 21. The first deadline is for the parties to hold a conference pursuant to

---

[1]     Page numbers following an ECF docket number refer to the blue page numbers generated by the CM/ECF system.

Federal Rule of Civil Procedure 26(f) by April 10, 2023. *Id.* at 1. The order also states that discovery may begin upon receipt of the order. *Id.*

2.  All discovery and the deadlines in the scheduling order should be stayed until the Court decides Defendant's motion to dismiss. The power to stay proceedings is inherent in the Court's authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). In particular, Local Rule 16.00(C) (D.S.C.) provides that the Court "may stay entry of the scheduling order(s) and all federal and local civil rule disclosure and conference requirements pending resolution of a motion . . . to dismiss[.]" *See also Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003) (holding that an order "to stay discovery pending determination of a dispositive motion is an appropriate exercise of the court's discretion").

3.  The requested stay would promote economy and efficiency in this case because Defendant's motion to dismiss, if granted, would fully resolve this action and obviate the need for any discovery. Therefore, any discovery taken while the motion is pending would be a wasted effort. It would be particularly inappropriate to subject Defendant to merits discovery here because Defendant has raised three strong arguments that the Court lacks subject matter jurisdiction over the case, and Plaintiff should not be permitted to make use of the Court's discovery procedures where jurisdiction is lacking at the outset. *See Thigpen v. United States*, 800 F.2d 393, 396–97 (4th Cir. 1986) (concluding that district court did not abuse its discretion to stay discovery pending the resolution of a motion to dismiss for lack of jurisdiction), *overruled on other grounds by Sheridan v. United States*, 487 U.S. 392 (1988). Moreover, Defendant's jurisdictional arguments present only issues of law—including the constitutional justiciability of security clearance determinations, the statutory channeling of remedies, and ripeness—that do not turn on any disputed facts.

Discovery would therefore not aid in resolving the motion. *Sheehan v. United States*, No. 5:11-cv-0170, 2012 WL 114709, at *2 (N.D. W. Va. Apr. 4, 2012) (staying discovery pending a motion to dismiss where "the issues presented in the government's motion to dismiss—lack of subject matter jurisdiction and sovereign immunity—are purely legal matters").

4. For the foregoing reasons, Defendant respectfully requests that the Court stay discovery and all deadlines in the scheduling order until it rules on Defendant's motion to dismiss.

Dated: March 30, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ADAIR FORD BOROUGHS
United States Attorney

CHRISTOPHER R. HALL
Assistant Branch Director

/s/ Johnny Walker
JOHNNY H. WALKER (D.C. Bar #991325)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Rm. 12304
Washington, D.C. 20530
Tel.: (202) 514-3183 / Fax: (202) 616-8460
Email: johnny.h.walker@usdoj.gov

BARBARA M. BOWENS (Bar #4004)
Assistant United States Attorney
United States Attorney's Office
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Tel.: (803) 929-3052 / Fax: (803) 252-2759
Email: barbara.bowens@usdoj.gov

*Counsel for Defendant*